**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KENYO TOOMBS, # R-07432,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-1152-SMY** |
| | ) | |
| **SALVADOR GODINES,** | ) | |
| **DANA TYLKA,** | ) | |
| **RANDY GROUNDS,** | ) | |
| **and DEE DEE BROOKHART,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is nearing the end of his four-year sentence. He claims that Defendants implemented a new security policy that required him to cut his dreadlocks, in violation of his First Amendment right to practice the tenets of his Rastafarian faith.

At the time Plaintiff submitted his complaint on October 13, 2014,[1] his hair had already been cut pursuant to the policy. He had filed a grievance on October 7, 2014, to challenge the policy as applied to him (Doc. 1, pp. 7-8), but the grievance was denied (Doc. 1, p. 5). Before the grievance process could be completed – indeed, before Plaintiff's grievance was even heard at the "first level response" – his dreadlocks were cut. *Id*. Plaintiff asserts that he should have been allowed to pursue his grievance fully before the action was taken to cut his hair. The loss

---

[1] Plaintiff signed and submitted his complaint on October 13, 2014 (Doc. 1, p. 6). It was received and docketed by the Clerk of Court on October 24, 2014.

of his dreadlocks has not only violated his First Amendment rights, but has also caused him undue stress and depression because of his sincere religious belief that his hair should not be cut.

Plaintiff states that "even though it defeats the purpose now that my dreads have been cut," he "will continue the grievance procedure from here on" (Doc. 1, p. 5).  He brings this suit in order to hold the Defendants accountable for their unconstitutional action, and to obtain a fair financial compensation (Doc. 1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action was filed prematurely, before Plaintiff had fully exhausted his administrative remedies within the prison system.  Therefore, the case shall be dismissed without prejudice.

Although the facts as described by Plaintiff certainly suggest that his First Amendment rights may have been violated, he may not pursue his § 1983 claims in federal court until after he has exhausted his available remedies through the prison grievance procedures.  *See* 42 U.S.C. § 1997e(a).  Section 1997e(a) provides:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Failure to exhaust administrative remedies is usually an affirmative defense.  However, when it is clear from the face of the complaint that a prisoner has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted.  *Jones v. Bock*,

549 U.S. 199, 214-215 (2007).  *See also Booth v. Churner*, 531 U.S. 956 (2001); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous"); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000).  The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated.  *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983."  *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).  An attempt to exhaust available administrative remedies in the midst of litigation is insufficient.  *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536-37 (7th Cir.1999).

In the instant complaint, Plaintiff clearly states that he plans to continue to pursue the internal grievance procedure, a process which he started barely one week before he filed this action.  He thus acknowledges that he did not complete the process of administrative appeals from the initial denial of his grievance before he brought this suit.  Because the failure to exhaust is obvious from Plaintiff's own admission, this action is subject to dismissal pursuant to § 1915A.

As noted above, the dismissal shall be without prejudice to Plaintiff re-filing his claim once he completes the administrative appeal process.  Alternatively, the action may be re-filed once Plaintiff is no longer "confined in any jail, prison, or other correctional facility" and thus not subject to the restriction contained in 42 U.S.C. § 1997e(a).  Nothing herein shall be construed as an opinion on the ultimate merits of the claim.

**Disposition**

For the reasons stated above, this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A, for Plaintiff's failure to exhaust his administrative remedies before filing suit.  All pending motions are **DENIED AS MOOT.**

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[2] may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  November 18, 2014**

s/ *Staci M. Yandle*
United States District Judge